[10 NYS3d 472]

In the Matter of J. GLENN DAVIS, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, June 12, 2015

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Kevin W. Spitler*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, First Department on July 7, 1977, and maintains an office in Buffalo. The Grievance Committee filed a petition containing two charges of misconduct against respondent, including engaging in transactions with a client without making required disclosures regarding an inherent conflict of interest and wilfully failing to pay court-ordered child support. Although respondent filed an answer denying certain material allegations of the petition, the parties subsequently entered into a stipulation resolving all factual issues, and respondent thereafter appeared before this Court and was heard in mitigation.

With respect to charge one, respondent admits that, in early 1990, he entered into a month-to-month verbal lease for one unit of a duplex apartment owned by a personal friend. Respondent admits that, between April 1990 and January 2012, he simultaneously represented the friend and certain of his own family members in several transactions whereby an ownership interest in the duplex apartment was transferred between the parties. Respondent admits, however, that he failed to advise the parties to seek independent legal counsel or to disclose to them the risks posed by his representation of their differing interests in the transactions. In addition, respondent admits that he had a business and personal interest in the transactions whereby his family members obtained an ownership interest in the duplex apartment inasmuch as he expected that, by virtue of those transactions, he could continue to live in the apartment regardless of the status of his relationship with the friend. Respondent further admits that he failed to advise the friend to seek independent counsel in relation to those transactions, and he did not obtain from her informed consent, confirmed in writing, regarding his inherent conflict of interest in the transactions. Respondent additionally admits that, in 2012, the friend commenced certain eviction proceed-

ings against him and, in one of those proceedings, respondent represented a family member whose interests were adverse to those of the friend. Respondent further admits that, in a separate eviction proceeding, he appeared pro se to contest the eviction on the ground that he occupied the duplex apartment pursuant to a tenancy-in-common interest that was created by virtue of the aforementioned transfers of ownership to his family members.

With respect to charge two, respondent admits that, from 2001 through 2014, he failed to comply with several orders and directives of various tribunals directing him to pay child support, resulting in arrears in excess of $30,000.

We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer; and

DR 7-106 (a) (22 NYCRR 1200.37 [a]) and rule 3.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0)—disregarding a ruling of a tribunal made in the course of a proceeding.

Pertaining to conduct that occurred before April 1, 2009, we conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility:

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by his own financial, business, property or personal interests, unless a disinterested lawyer would believe that the representation of the client will not be adversely affected thereby and the client consents to the representation after full disclosure of the implications of the lawyer's interest;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects him to exercise professional judgment therein for the protection of the client, without disclosing the terms of the transaction to the client in writing

and without obtaining in writing the consent of the client to those terms and to his inherent conflict of interest in the transaction;

DR 5-105 (a) and (b) (22 NYCRR 1200.24 [a], [b])—failing to decline proffered employment and continuing multiple employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved; and

DR 5-105 (c) (22 NYCRR 1200.24 [c])—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and without obtaining the consent of the clients to the representation.

In addition, pertaining to conduct that occurred after April 1, 2009, we conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.7 (22 NYCRR 1200.0)—representing a client in a matter in which a reasonable lawyer would conclude that the representation involves the lawyer representing differing interests or that there will be a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests without obtaining from each affected client informed consent, confirmed in writing; and

rule 1.9 (a) (22 NYCRR 1200.0)—representing a person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of a former client without the informed consent of the former client, confirmed in writing.

In determining an appropriate sanction, we have considered that respondent has previously received from the Grievance Committee three letters of admonition and several letters of caution, and that he engaged in the conduct that gave rise to this matter over an extended period of time. We have additionally considered respondent's submissions in mitigation, including his expression of remorse for the misconduct and his representation to this Court that he will satisfy the child support

arrears upon his receipt of funds in payment of a particular assigned counsel voucher that he recently submitted to federal court. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., CARNI, SCONIERS and VALENTINO, JJ., concur.

Order of censure entered.